UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAMON TRICE,<br><br>Plaintiff,<br><br>v.<br><br>W. TRENT ALLEN,<br>DW FOX,<br>AW COLE,<br>ADMINISTRATION,<br>INDOC STAFF,<br><br>Defendants. | ) | No. 1:25-cv-01980-JPH-KMB |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Damon Trice is a prisoner currently incarcerated at Pendleton Correctional Facility. He filed this civil action alleging his constitutional rights have been violated by being exposed to the Legionella pathogen at Pendleton. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Trice's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Pendleton Warden Trent Allen; (2) Deputy Warden Fox; (3) Assistant Warden Cole; (4) "Administration"; and (5) "INDOC Staff". Dkt. 2. Mr. Trice requests damages and to be transferred to a different facility.

Mr. Trice alleges that he has been and is continuing to be exposed to the Legionella pathogen at Pendleton through its water supply. The defendants have used a non-FDA approved experimental "oxidant" treatment to address the Legionella issue, but it has not fixed the problem and instead has caused additional harm to Mr. Trice. Mr. Trice had an acute illness in July 2025 when his airway started to close up, which required immediate medical attention and which he suggests was related to the Legionella and/or chemical treatment.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed.

First, Mr. Trice's naming of "Administration" and "INDOC Staff" as defendants is equivalent to naming anonymous or "John Doe" defendants. Claims against these defendants **are dismissed** for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Mr. Trice is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

Second, Eighth Amendment conditions of confinement claims **shall proceed** against Warden Allen, Deputy Warden Fox, and Assistant Warden Cole. In addition, Mr. Trice has indicated that he wishes to pursue state law claims. Indiana state law negligence claims also **shall proceed** against Warden Allen, Deputy Warden Fox, and Assistant Warden Cole.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 16, 2026,** in which to file a motion to reconsider the screening order.

## IV. Conclusion and Service of Process

The **clerk is directed** to terminate "Administration" and "INDOC Staff" as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants in the manner specified by Rule 4(d). Process shall consist of the complaint filed on September 30, 2025, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 9/21/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
Warden Trent Allen
Deputy Warden Fox
Assistant Warden Cole
(All at Pendleton Correctional Facility)

DAMON TRICE
251107
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only